******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# BRENDA GREENE *v.* KEVIN KEATING ET AL.
## (AC 41333)

Prescott, Bright, and Harper, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendant law firm R Co. for statutory (§ 52-568) vexatious litigation in connection with its representation of K and N in a prior action they had brought against her. In the prior action, K and N had filed a multicount complaint alleging various claims, including prescriptive easement, and the plaintiff filed a counterclaim alleging misuse of an easement and trespass. Following a trial in the prior action, the court found in favor of the plaintiff on all counts of the complaint and in favor of K and N on the counterclaim. Thereafter, the plaintiff commenced the present action for vexatious litigation as to each count alleged in the complaint in the prior action. The court found in favor of R Co. on all of the counts except the count alleging vexatious litigation in the pursuit of K and N's prescriptive easement claim. The court found that R Co. had lost probable cause to pursue that claim in October, 2008, following its receipt of certain disclosures that made the claim untenable and that continuing to pursue it violated § 52-568. The court determined that the plaintiff was entitled to an award of double damages under § 52-568 for litigation of that claim after October, 2008; however, because the only damages that the plaintiff sought were the attorney's fees incurred in defending the underlying action, the court declined to award damages because the plaintiff had not provided the required apportionment between the attorney's fees related to the defense of the prescriptive easement claim after October, 2008, and those related to the defense of the other claims. Thereafter, the plaintiff, at the court's direction, submitted an affidavit from her attorney, with accompanying exhibits, and claimed damages in the amount of $460,878.08 for attorney's fees. Following a hearing, the trial court rendered judgment in favor of R Co., concluding that the plaintiff had relied on the wrong legal standard and that she again had failed to meet her burden of proving, as close as possible, the actual portion of attorney's fees that were attributable directly to the litigation of the prescriptive easement claim. Thereafter, the plaintiff appealed and R Co. cross appealed to this court. *Held*:

1. The plaintiff could not prevail on her claim that the trial court improperly concluded that she failed to present evidence that would allow it reasonably to calculate her damages and that the court erred when it failed to apply the common nucleus test for apportionment to her claim for attorney's fees: that court properly determined that the common nucleus test was inappropriate in this case because in a vexatious litigation case such as this case, in which the plaintiff has prevailed on only one of several claims and there is no additional costs borne in defending against a vexatious claim, as those costs were necessary to the defense of viable claims or to the prosecution of a counterclaim, the plaintiff has not suffered any damages; moreover, the trial court's finding that the plaintiff failed to prove the amount of her damages was not clearly erroneous, as the court properly found that, although the defense of the prescriptive easement claim was significant in the underlying trial, the plaintiff's trespass counterclaim was basically the reciprocal of the prescriptive easement claim and would have necessitated the resolution of most of the same elements of prescriptive easement even if the prescriptive easement claim had not been pursued, and, consequently, it determined that the plaintiff had not proven the amount of her attorney's fees solely attributable to her defense of the prescriptive easement claim.

2. R Co.'s cross appeal challenging the trial court's conclusion that the plaintiff had established one of her causes of action was dismissed, R Co. having lacked standing because judgment had been rendered in its favor, and, therefore, it was not aggrieved by the judgment.

Argued January 14—officially released May 26, 2020

*Procedural History*

Action to recover damages for vexatious litigation, and for other relief, brought to the Superior Court in the judicial district of Stamford-Norwalk, where the court, *Hon. A. William Mottolese*, judge trial referee, granted the plaintiff's motion to substitute Nancy Keating, administratrix of the estate of Kevin Keating, as a defendant; thereafter, the court, *Heller, J.*, denied the plaintiff's motion for summary judgment and granted the motion for summary judgment filed by the defendant Nancy Keating et al. and rendered judgment thereon; subsequently, the case was tried to the court, *Lee, J.*; judgment for the defendant Rucci, Burnham, Carta, Carello & Reilly, LLP, from which the plaintiff appealed and the defendant Rucci, Burnham, Carta, Carello & Reilly, LLP, cross appealed to this court. *Affirmed*; *cross appeal dismissed*.

*Colin B. Conner*, with whom, on the brief, was *Robert D. Russo III*, for the appellant-cross appellee (plaintiff).

*Robert C. E. Laney*, with whom, on the brief, was *Liam M. West*, for the appellee-cross appellant (defendant Rucci, Burnham, Carta, Carello & Reilly, LLP).

*Opinion*

BRIGHT, J. The plaintiff, Brenda Greene, appeals from the judgment of the trial court rendered in favor of the defendant law firm, Rucci, Burnham, Carta, Carello & Reilly, LLP,[1] in the plaintiff's vexatious litigation action. On appeal, Greene claims that the court improperly concluded that, although she had established one of her vexatious litigation claims against the defendant, the defendant was entitled to judgment in its favor because Greene failed to prove the amount of her damages. Specifically, Greene claims that the court improperly concluded that she failed to present evidence that would allow the court reasonably to calculate damages in the form of attorney's fees. We affirm the judgment of the trial court.[2]

The following facts, as found by the trial court or as uncontested in the record, and procedural history are relevant to this appeal. In the underlying case, the Keatings had brought a multicount complaint against Greene sounding in prescriptive easement, implied easement, interference with a right-of-way, malicious erection of a structure, private nuisance, and disturbance of right of use. Greene asserted a two count counterclaim alleging misuse of an easement and trespass. After a trial to the court, the court, in an April 23, 2010 memorandum of decision, found in favor of Greene on all counts of the complaint and in favor of the Keatings on the counterclaim.

On October 1, 2010, Greene commenced the present action against the defendant and the Keatings for vexatious litigation as to each count that had been alleged by the Keatings in the underlying case. The Keatings raised the special defense of advice of counsel, and they filed a motion for summary judgment. Following the court's rendering of summary judgment in favor of the Keatings on their special defense, the vexatious litigation case against the defendant proceeded to a trial before the court.

In a July 19, 2017 memorandum of decision, the court found in favor of the defendant on all pursued counts, with the exception of the count alleging vexatious ligation in the pursuit of the Keatings' claim for a prescriptive easement. As to that count, the court found that, although the defendant initially had probable cause to allege a cause of action for prescriptive easement against Greene, it lost probable cause as to that count following sworn disclosures made to it by the Keatings' predecessor in title, who told the defendant in October, 2008, that she had widened the right-of-way at issue in the underlying case specifically at the request of, and with the permission of, Greene's predecessor in title. The court concluded, therefore, that the defendant thereafter knew that the permissive nature of the expanded right-of-way made the claim for a prescriptive

easement untenable and that continuing to assert the claim violated General Statutes § 52-568 (1),[3] the vexatious litigation statute. The court further concluded that there was no basis for a finding of malice against the defendant and that Greene, therefore, was not entitled to an award of treble damages but that, instead, she was entitled to an award of double damages as permitted under § 52-568 for litigation of the prescriptive easement claim after October, 2008. Because the only damages sought by Greene were the attorney's fees she incurred in defending against the Keatings' claims in the underlying action, to award damages the court had to determine how much of those fees related to the defense of the prescriptive easement claim after October, 2008. The court found, however, that the plaintiff had "not provided the required apportionment between (a) costs relating to the defendant's continued prosecution of the first count for a prescriptive easement after October, 2008, and (b) costs related to defending the [other counts]." In "fairness" to Greene, the court specifically permitted and requested "further submissions and a hearing on the issue of apportionment of damages," and it directed Greene to "submit an affidavit of claim with exhibits asserting how she believes her expenses should be apportioned between the cost of opposing the claim for the prescriptive easement after October, 2008, and her other costs."

Greene thereafter submitted an affidavit from her attorney, with accompanying exhibits. Greene asserted that she was billed $261,331.82 from October 1, 2008 through May 1, 2010, for attorney's fees, and, after some adjustments, that $230,439.04 was the actual amount of her damages, which, when doubled, amounted to $460,878.08. The defendant objected on several grounds, including that the amount of claimed attorney's fees clearly included matters well beyond the cost of defending against the prescriptive easement claim and that it included the cost of litigating the counts of Greene's counterclaim. The court concluded that Greene was relying on the wrong legal standard in arguing her damages and that she had the burden of proving, as closely as possible, the actual portion of attorney's fees that were attributable directly to the litigation of the prescriptive easement claim. After concluding that Greene again had failed to meet her burden, the court rendered judgment in favor of the defendant. This appeal followed. Additional facts will be set forth as necessary.

Greene claims that the court improperly concluded that she failed to present evidence that would allow the court reasonably to calculate her damages. She argues that she did provide sufficient evidence. Additionally, she argues that the court erred when it failed to apply the "common nucleus test for apportionment" of attorney's fees to her vexatious litigation claim. She proposes that the attorney's fees awarded in a vexatious

litigation action are punitive in nature and that the appropriate test to be used in calculating damages is the one articulated in *Total Recycling Services of Connecticut, Inc.* v. *Connecticut Oil Recycling Services, LLC*, 308 Conn. 312, 333, 63 A.3d 896 (2013) (*Total Recycling*) ("when certain claims provide for a party's recovery of contractual attorney's fees but others do not, a party is nevertheless entitled to a full recovery of reasonable attorney's fees if an apportionment is impracticable because the claims arise from a common factual nucleus and are intertwined"). We conclude that the court used the proper test and that its finding that the plaintiff failed to meet her burden of proving the actual amount of her damages was not clearly erroneous.[4]

"It is axiomatic that the burden of proving damages is on the party claiming them. . . . Damages are recoverable only to the extent that the evidence affords a sufficient basis for estimating their amount in money with reasonable certainty. . . . [T]he court must have evidence by which it can calculate the damages, which is not merely subjective or speculative . . . but which allows for some objective ascertainment of the amount. . . . This certainly does not mean that mathematical exactitude is a precondition to an award of damages, but we do require that the evidence, with such certainty as the nature of the particular case may permit, lay a foundation [that] will enable the trier to make a fair and reasonable estimate." (Citations omitted; internal quotation marks omitted.) *Weiss* v. *Smulders*, 313 Conn. 227, 253–54, 96 A.3d 1175 (2014). Although the apportionment of damages in a vexatious litigation action may be difficult when a defendant had joined meritorious causes of action with vexatious causes of action in the underlying case, "the plaintiff in a vexatious [litigation] action, like any other plaintiff, has the burden of proving damages." *DeLaurentis* v. *New Haven*, 220 Conn. 225, 269, 597 A.2d 807 (1991). "The trial court's determination that damages have not been proved to a reasonable certainty is reviewed under a clearly erroneous standard." *Weiss* v. *Smulders*, supra, 254. "The trial court's determination of the proper legal standard in any given case [however] is a question of law subject to our plenary review." (Internal quotation marks omitted.) *Total Recycling*, supra, 308 Conn. 326.

In response to Greene's submission in support of her claim for $460,878.08 in damages, the defendant filed a memorandum of law in opposition, arguing that Greene had not met her burden and that the claimed amount of damages "borders on bad faith." Specifically, the defendant argued that Greene was not entitled to any fees that related to the cost of her pursuit of the counts of her counterclaim, and that she was entitled to claim only attorney's fees that she had incurred specifically in defending the prescriptive easement claim in the underlying case. The defendant further argued that the

affidavit from Greene's attorney and the accompanying summary of the bills from the underlying case[5] did not apportion fees as instructed by the trial court and were insufficient to establish her claim for damages.[6]

During the hearing in damages, the court, citing to *Bernhard-Thomas Building Systems, LLC* v. *Dunican*, 286 Conn. 548, 944 A.2d 329 (2008), explained to the parties that the "purpose of [an action for vexatious litigation] is to compensate a wronged individual for damage to his reputation and to reimburse him for the expense of defending against the unwarranted action." The court then explained to Greene that the documents she submitted did not apportion the attorney's fees as the court had requested. Greene argued that the bulk of the attorney's fees were necessary to defend against the prescriptive easement claim because all of the claims were interrelated. The defendant, on the other hand, argued that the bulk of the claimed fees would have been necessary even if it had dropped the prescriptive easement claim in the underlying action, and, therefore, they were not attributable to the defense of the prescriptive easement claim. At the close of the hearing, the court stated that it would "do [its] best here."

In its January 16, 2018 memorandum of decision, the court explained: "Where [a] plaintiff cannot show that the [vexatious] claim caused additional expense beyond the defense of the proper claims, she has failed to prove her damages and no recovery can be had." The court also explained that the severity of this rule is mitigated by the rule that damages need not be proven with exactitude but that they, nonetheless, must be established with a fair and reasonable estimate. Thereafter, the court concluded that Greene had not proven her entitlement to $460,878.08 in damages, in part, because Greene's counterclaim for trespass, was "basically the reciprocal of the claim for a prescriptive easement, and would have necessitated the resolution of most of the same elements of prescriptive easement, even if the [defendant] had dropped the [prescriptive easement] count of the complaint [in the underlying action]." The court then held that "[b]ecause [Greene's] claim for fees relies on subjective opinion, lacks detail, and relies on an erroneous application of law, the court cannot award her any damages arising from the vexatious litigation of the prescriptive easement issue."

On appeal, Greene claims that the court improperly concluded that she failed to present evidence that would allow the court reasonably to calculate damages and that the court erred when it failed to apply the "common nucleus test for apportionment" of attorney's fees. We are not persuaded.

We begin with a discussion of *Total Recycling* on which Greene principally relies. In that case, the defendant contracted to purchase the plaintiffs' oil recycling business. *Total Recycling*, supra, 308 Conn. 315. The

contract involved three separate contracts, one by which the defendant purchased the plaintiffs' equipment, one by which it purchased the plaintiffs' goodwill, and one by which one of the plaintiffs agreed not to compete with the defendant after the business was sold to the defendant. Id. Two of the parties' three contracts entitled the defendant to attorney's fees in the event that the plaintiffs breached the contracts. Id. Following an alleged breach of the contracts by the defendant, the plaintiff commenced litigation for breach of the three contracts and for unjust enrichment, seeking damages, including attorney's fees. Id., 316. The defendant pleaded a five count counterclaim, alleging, inter alia, breach of the contracts, and it also sought attorney's fees. Id. The jury found in favor of the plaintiffs on their unjust enrichment claims but rejected each of their breach of contract claims. Id. On the defendant's counterclaim, the jury found that the plaintiffs had breached each of the three contracts, but it awarded damages only with respect to one of the breached contracts. Id. The trial court, thereafter, denied the defendant's motion for attorney's fees because the defendant had been awarded damages on only the contract that did not contain a provision for the recovery of attorney's fees. Id. The Appellate Court, holding that the defendant was entitled to attorney's fees even if it was not awarded damages on the two contracts that provided for an award of fees, reversed the judgment of the trial court with respect to the attorney's fees issue and remanded the case for a new hearing. *Total Recycling Services of Connecticut, Inc.* v. *Connecticut Oil Recycling Services, LLC*, 114 Conn. App. 671, 680–81, 970 A.2d 807 (2009).

On remand, the trial court concluded that the defendant had failed to apportion the attorney's fees between the two contracts that allowed for recovery of those fees and the one that did not permit recovery of those fees and that, therefore, the defendant had failed to meet its burden of proof. *Total Recycling*, supra, 308 Conn. 317–19. The trial court's decision thereafter was upheld by this court but reversed by our Supreme Court, which held that "when certain claims provide for a party's recovery of contractual attorney's fees but others do not, a party is nevertheless entitled to a full recovery of reasonable attorney's fees if an apportionment is impracticable because the claims arise from a common factual nucleus and are intertwined." Id., 319, 333. This court has reached the same conclusion when a plaintiff pursues both statutory claims that allow for the award of attorney's fees and common-law claims that do not. See *Heller* v. *D.W. Fish Realty Co.*, 93 Conn. App. 727, 735, 890 A.2d 113 (2006) (plaintiff not required to apportion fees between CUTPA claim that permitted recovery of attorney's fees and contract and negligence claims that did not because "they depended on the same facts").

Greene argues that the rationale of these cases applies to her damages claim in this case because her damages are comprised of the attorney's fees she incurred in defending against the prescriptive easement claim in the underlying case, and her defense of that claim was based on the same facts as her defense of the Keatings' other claims. Accordingly, she argues, it does not matter that she also needed these facts in her attempt to establish her counterclaim and to defend against the Keatings' nonvexatious claims. We disagree.

The approach in *Total Recycling* and *Heller* makes sense because a party that prevails on a claim that entitles it to an award of attorney's fees should not lose that entitlement simply because it has pursued other claims for which there is no entitlement. A rule requiring apportionment in such a circumstance would discourage parties from pursuing potentially meritorious claims for fear that, by doing so, their right to an award of fees would be diminished. Furthermore, under the common nucleus of facts approach, the defendant has the same liability for attorney's fees regardless of whether there are claims for which attorney's fees may not be awarded. The existence of those claims does not prejudice the defendant in any way.

By contrast, in a vexatious litigation case such as this, in which the plaintiff has prevailed on only one of several claims, the common nucleus of facts rationale makes little sense. Where there is no additional cost borne in defending against a vexatious count because those costs were necessary to the defense of viable counts or to the prosecution of a counterclaim, the plaintiff has not suffered any damages.[7] See *DeLaurentis* v. *New Haven*, supra, 220 Conn. 268 (plaintiff "must prove the damages attributable to the vexatious charges"). Put another way, if there is an overlap of facts between the vexatious claim and the nonvexatious claims, the plaintiff would incur the same costs of defense had the vexatious claim not been brought. We, therefore, disagree, as did the trial court, with Greene's contention that the court should have applied the "common nucleus test for apportionment" to her claim for attorney's fees.

In the present case, the court properly considered whether Greene proved that she incurred costs related to the defense of the prescriptive easement claim that she would not have incurred if that claim had not been brought. Although acknowledging that the defense of the prescriptive easement claim was significant in the underlying trial, the court also found that Greene's trespass counterclaim was "basically the reciprocal of the claim for a prescriptive easement, and would have necessitated the resolution of most of the same elements of prescriptive easement, even if the [defendant] had dropped [that count] of the complaint." Consequently, the court determined, in part, that Greene had

not proven the amount of her attorney's fees solely attributable to her defense of the prescriptive easement claim. Significantly, despite the opportunities given to her by the court, Greene made no attempt to prove damages related solely to defense of the prescriptive easement claim. This left the court with no basis to award her damages.

We, therefore, conclude that the court properly determined that the common nucleus test was inappropriate for the present case and that its finding that Greene failed to prove the amount of her damages was not clearly erroneous.

The judgment is affirmed with respect to the plaintiff's appeal; the defendant's cross appeal is dismissed.

In this opinion the other judges concurred.

[1] Kevin Keating and Nancy Keating also were named as defendants. Kevin Keating died in February, 2013, and Nancy Keating, administratrix of the estate of Kevin Keating, was substituted as a defendant. For convenience, we refer in this opinion to those three defendants collectively as the Keatings. The trial court previously rendered summary judgment in favor of the Keatings, and Greene has not appealed from that judgment. Accordingly, references to the defendant in this opinion are to the law firm.

[2] The defendant filed a cross appeal claiming that the court had erred when it concluded that Greene had established one of her causes of action against it. Because judgment was rendered in favor of the defendant, it does not have standing to assert such a cross appeal. See Practice Book § 61-8 (appellee *aggrieved* by judgment from which appellant appealed may file cross appeal). Although we have the discretion to consider as an alternative ground for affirmance the issue raised by the defendant; see *Sekor* v. *Board of Education*, 240 Conn. 119, 121 n.2, 689 A.2d 1112 (1997); because we affirm the judgment of the trial court, we need not exercise that discretion.

[3] General Statutes § 52-568 provides: "Any person who commences and prosecutes any civil action or complaint against another, in his own name or the name of others, or asserts a defense to any civil action or complaint commenced and prosecuted by another (1) without probable cause, shall pay such other person double damages, or (2) without probable cause, and with a malicious intent unjustly to vex and trouble such other person, shall pay him treble damages."

"The cause of action for vexatious litigation permits a party who has been wrongfully sued to recover damages. . . . In Connecticut, the cause of action for vexatious litigation exists both at common law and pursuant to statute. Both the common law and statutory causes of action [require] proof that a civil action has been prosecuted. . . . Additionally, to establish a claim for vexatious litigation at common law, one must prove want of probable cause, malice and a termination of suit in the plaintiff's favor. . . . The statutory cause of action for vexatious litigation exists under . . . § 52-568, and differs from a common-law action only in that a finding of malice is not an essential element, but will serve as a basis for higher damages." (Internal quotation marks omitted.) *Scalise* v. *East Greyrock, LLC*, 148 Conn. App. 176, 181, 85 A.3d 7, cert. denied, 311 Conn. 946, 90 A.3d 976 (2014).

[4] Greene also claims that the court committed error in its determination of the date, specifically, October, 2008, on which the defendant lost probable cause to pursue the prescriptive easement count of the Keatings' complaint. She argues that the date should have been in 2006, when the defendant had its first interview with the Keatings' predecessor in title. We conclude that this claim is without merit. During oral argument before this court, Greene conceded that there was no evidence that the predecessor in title had told the defendant about the permissive nature of the widening of the right-of-way during its first interview with her, and that the trial court was not required to draw an inference that the defendant must have known this fact in 2006.

[5] Greene had provided copies of all bills during trial.

[6] For example, the defendant argued in its memorandum of law: "The inherent flaw in . . . Greene's analysis is also readily apparent from its ludicrous results. For example, of the 185.1 hours of time spent on trial

preparation as reflected on [her counsel's] August 13, 2009 invoice . . . only 8.8 hours is attributed to preparing to defend six counts of the complaint and to pursue her counterclaim. This represents an allocation of only 4.7 [percent] of the total trial preparation—or, in other words, a claim by . . . Greene that 95.3 [percent] of [her counsel's] time spent in trial preparation was related to the one claim that this court has determined lacked probable cause. . . . The absurdity of . . . Greene's argument is obvious." (Emphasis omitted.)

[7] The plaintiff certainly might be entitled to a judgment in her favor and an award of nominal damages in such a case. In the present case, however, the plaintiff neither argues that the form of the court's judgment was improper nor does she claim an entitlement to nominal damages. Any possible error in the form of the trial court's judgment or in its lack of an award of nominal damages, therefore, we will not address.

---